UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**BRIAN FISHBACK**                                                                                                    **PLAINTIFF**

**v.**                                                                                    **CIVIL ACTION NO. 1:21-CV-P52-GNS**

**RON CUMMINGS et al.**                                                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Brian Fishback filed a *pro se* complaint and request for injunction (DN 1). He also filed a motion for leave to proceed *in forma pauperis* (DN 3). On review, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 3) is **GRANTED**.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The complaint names as Defendants Ron Cummings, Warren County Kentucky Fiscal Court Magistrate, Century 21 Premier Realty Partners, Warren County Fiscal Partners, the City County Planning Commission of Warren County, Board of Commissioners City of Bowling Green, KY, and Mike Buchanan. Another action filed by Plaintiff not long after he filed this one, Civil Action No. 1:21-cv-63-GNS, has been consolidated into this one. Both complaints

(DNs 1 and 5) allege a "conflict of interest" or "ethics law breach" occurred when houses and business buildings were torn down in the "Historic Shake Rag Community" in Bowling Green, Kentucky. Plaintiff asserts that now neighbors in the Shake Rag Community are no longer living as close to each other as they once were. He asks for injunctive relief in the form of prohibiting the Warren County and Bowling Green governments from allowing structures or buildings to be torn down in the Shake Rag Community.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Both the complaint and the amended complaint check the box for "Federal question" jurisdiction on the complaint form. However, neither complaint identifies a federal statute, treaty, or provision of the United States Constitution at issue in this case. Instead, in the complaint (DN 1), in the space in which Plaintiff is required to list the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution" at issue, he provides, "Government official – "'conflict of interest'" of "'Ethics law'" breach. In the amended complaint (DN 5), Plaintiff states "Warren county government 'conflict of interest' or 'ethics' law for the state of Kentucky." Thus, Plaintiff fails to establish the Court has subject-matter jurisdiction over this case.

Moreover, Plaintiff's allegations fail to establish that he has standing to bring this lawsuit. Lack of standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case. *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007). To establish standing, a plaintiff must show the following "three key elements:"

> (1) the plaintiff suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) the injury must be "fairly traceable to the challenged action of the defendant"; and (3) "it must be likely . . . that the injury will be redressed by a favorable decision."

*Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579 (6th Cir. 2014) (quoting *Lujan*, 504 U.S. at 560-61). Plaintiff does not allege any injury that he suffered, or that he owns property in the Shake Rag Community, or even that he lives there. Consequently, Plaintiff fails to establish that he has standing to bring this suit.

Finally, the Court considers whether Plaintiff may be attempting to bring claims on behalf of people living in the Shake Rag Community. However, Plaintiff, a non-lawyer, may not do so. Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654 ("In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003) ("[T]hat statute does not permit plaintiffs to appears *pro se* where interests other than their own are at stake"); *Iannoccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action for lack of subject-matter jurisdiction.

Date: May 26, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4416.009